**BRENNAN STEEL CORPORATION, Plaintiff,**

v.

**STEEL WAREHOUSE COMPANY, Inc., Defendant.**

**No. 1545.**

United States District Court
N. D. Indiana, South Bend Division.
Nov. 10, 1954.

G. A. Farabaugh and Louis C. Chapleau, South Bend, Ind., for plaintiff.

Crumpacker, May, Beamer, Levy & Searer, South Bend, Ind., for defendant.

PARKINSON, District Judge.

This is an action in damages for breach of contract involving a sale of a quantity of 16 gauge steel sheets which were warranted by the plaintiff to be new, clean and prime and which the defendant contends were not as warranted.

The evidence is in sharp conflict, but as usual in such cases there is always some item of evidence which conclusively demonstrates upon which side the merit lies.

The uncontradicted evidence is that in July, August and September of 1953, Whirlpool Corporation of St. Joseph, Michigan was buying steel from anybody it could get it from; that steel was then hard to get and although all steel was critical 16 gauge steel was particularly critical; that the shipment of 16 gauge steel sheets in controversy had been sold by the defendant to Whirlpool and upon delivery to defendant was immediately delivered thereby to Whirlpool; that Whirlpool refused the steel because it had scratches thereon, had started to rust and was not prime steel.

Upon its return to the defendant the defendant made an inspection of the steel, found it not to be prime steel as warranted and so notified the plaintiff and rescinded the contract.

Under the evidence the defendant had every reason to want the steel as shipped thereto by the plaintiff. It was critical, it had been sold by the defendant and the only reason the defendant could have refused the shipment would have been because the steel was not prime steel as warranted. To hold otherwise would constitute a failure to take cognizance of the facts which are of controlling influence in the evidence which is undisputed.

Both New York and Indiana have adopted the Uniform Sales Act and as to the application of the provisions thereof it is, therefore, unimportant as to whether the law of New York or Indiana applies in regard to the contract here in controversy. If there was an acceptance of the steel sheets by the defendant because of the defendant doing an act which was inconsistent with the ownership of the plaintiff, there is no evidence in this record of any express or implied agreement of the parties as to acceptance of the steel sheets and under the Uniform Sales Act, in the absence of such an agreement, acceptance by the defendant did not discharge the plaintiff from any legal remedy for breach of the warranty unless the defendant failed to give notice to the plaintiff within a reasonable time after it knew or ought to have known of such breach. The evidence is that the defendant gave notice to the plaintiff immediately upon knowledge of the breach which was well within a reasonable time after receipt of the steel by the defendant.

Therefore, the Court having considered all of the evidence adduced, the arguments of counsel and the law applicable thereto, does now make the following

### Findings of Fact

**1.**

The plaintiff is a corporation organized and incorporated under the laws of

the State of New York, and the defendant is a corporation organized and incorporated under the laws of the State of Indiana, and the amount in controversy exceeds, exclusive of interest and costs, the sum of $3,000.

**2.**

On the 13th day of July, 1953, the plaintiff and defendant had a series of telephone conversations by which the plaintiff agreed to sell to the defendant, and the defendant agreed to buy from the plaintiff certain, new, clean, flat, prime, low carbon steel sheets described as follows:

```
    35 ton....16 gauge CR 36" x  96"
14,000 pds....16 gauge CR 34" x 115"
 7,500 pds....16 gauge CR 37" x 118"
 4,500 pds....16 gauge CR 43" x 108"
 3,300 pds....16 gauge CR 43" x 113"
 5,000 pds....16 gauge CR 28" x 103"
 7,000 pds....16 gauge CR 33" x 118"
 9,000 pds....16 gauge CR 28" x  70"
11,500 pds....16 gauge CR 26" x 116"
 4,000 pds....16 gauge CR 28" x  75"
11,000 pds....16 gauge CR 26" x 110"
```

and that pursuant to said telephone conversations, and upon the request of the plaintiff, the defendant executed a purchase order directed to the plaintiff covering the sale and purchase of the above-described steel sheets, and that the above said telephone conversations and written purchase order constituted the entire and complete contract of sale between the plaintiff and defendant of the above-described steel sheets.

**3.**

On or about the 15th day of July, 1953, pursuant to a telephone call from the plaintiff, the defendant authorized in writing an addition to said purchase order of the following steel sheets:

```
 6,110 pds....16 gauge CR 32" x 110"
47,000 pds....16 gauge CR 40" x  98"
21,000 pds....16 gauge CR 40" x 145"
 7,000 pds....16 gauge CR 43" x 104"
 4,000 pds....16 gauge CR 36" x  96"
```

and that by agreement of the parties the above-described steel sheets were to be added to, and become a part of the original written purchase order.

**4.**

On the 21st day of July, 1953 the defendant did receive a truckload of steel sheets from the plaintiff, and that said steel was inspected by the defendant on the 24th day of July, 1953 and that said inspection was made within a reasonable length of time after receipt of the shipment of said steel sheets from the plaintiff.

**5.**

The steel sheets received by the defendant, under the contract of sale and purchase entered into by and between the plaintiff and defendant, did not conform to the description and specifications of said steel sheets contained in the contract of sale, and that said steel sheets were not new, clean, flat, prime, low carbon steel sheets, but were rusted and scratched; were not prime steel sheets, and were not of the size and dimensions as specified in the contract of sale.

**6.**

The defendant did elect to and did rescind the contract of sale immediately upon inspection of said steel sheets shipped by plaintiff to the defendant and the steel sheets so received by the defendant pursuant to the terms of said contract of sale did not conform to the descriptions and specifications of said steel sheets as set forth and contained in said contract of sale entered into by and between the plaintiff and defendant hereto, and the defendant did notify the plaintiff of its rescission of said contract of sale on the 24th day of July, 1953.

**7.**

The defendant has returned to the plaintiff all of the steel sheets shipped by the plaintiff to the defendant.

**8.**

The plaintiff has failed to show performance of the terms and conditions of the contract of sale entered into by and between the parties hereto.

**9.**

The failure of the plaintiff to ship to the defendant the quality as warranted and the sizes and dimensions of steel sheets as specified in the contract of sale as entered into by and between the parties hereto, does constitute a breach of said contract of sale.

Upon the foregoing special findings of fact, the Court does now state its

Conclusions of Law

**1.**

This Court has jurisdiction of the parties to and the subject matter of the action.

**2.**

As the result of the contract of sale entered into by and between the parties hereto, an express and implied warranty existed from the plaintiff to the defendant in that the steel sheets to be delivered would be the same and would correspond to the specifications and descriptions as contained in said contract.

**3.**

The steel sheets shipped by the plaintiff to the defendant were not of the quality and did not conform to the specifications and descriptions as set forth in said contract of sale and thereby constituted a breach of warranty.

**4.**

By reason of the breach of the implied and express warranty and the terms of the contract of sale by the plaintiff, the defendant had the right to, and did, elect to rescind the entire contract of sale heretofore entered into by and between the parties hereto.

**5.**

Inspection of the steel received by the defendant from the plaintiff was made within a reasonable time and that said defendant did give proper and timely notice to the plaintiff of its election to rescind the contract of sale, and the defendant did return to the plaintiff all of the steel sheets received by the defendant from the plaintiff.

**6.**

The plaintiff has failed to prove, by a preponderance of the evidence, performance of the terms and conditions of the contract of sale or a breach of the terms of the contract of sale which would entitle the plaintiff to damages as prayed for in its complaint.

**7.**

The contract of sale entered into by the parties hereto was rescinded and the plaintiff should take nothing by reason of its complaint herein.

**8.**

The defendant is entitled to a judgment against the plaintiff that the plaintiff should take nothing by reason of its complaint herein.

Judgment ordered entered in favor of the defendant and that the plaintiff take nothing by reason of its complaint herein at the costs of the plaintiff.